Derbigny, J.
delivered the opinion of the court. The first ground of defence is a plea in abatement to the person of the plaintiff. The suit is brought in the name of Fowler, for the use of M‘Nair. Fowler, the nominal plaintiff, . is the person who was party to the contract of affreightment of the brig Oswego, which contract is the foundation of this suit. He now declares thathe acted as agent of M‘Nair; but he stipulated in his own name: the contract was his-not M'Nair's. The agent, (says the Curia Phil, 1, 4, 4,) is the person who contracts in the name of another, and not in his own. A person is deemed to have stipulated for him self, unless the contrary be expressed, or result from the nature of the agreement. Civ. Code, 264, art. 22. Thus, if M‘Nair should come forward, without the assistance of Fowler, he would be without any right. But Fowler’s declaration, that he sues forthe use ofM'Nair, amounts to a relinquishment and transfer of his own right in his favor, and is considered as sufficient to enable M'Nair toappear in this case as the real plaintiff.
The first object of this suit is, to recover the penalty stipulated in the charter-party; and the first inquiry must be has any breach of that contract been committed? It was stipulated that *562 the vessel should proceed from Cadiz to New-Orleans, and on her way there should touch at the Havana. The breach complained of is, that he deviated from the strait course to touch at Porto-Rico, put into that port to land some passengers, and remained there three days. The fact of touching at Porto-Rico is proved ; an attempt was made to shew, by oral evidence, that this was done with the consent of the affreighter ; and a bill of exceptions was taken against the introduction of that testimony : but, whatever be our opinion concerning the admissibility of that evidence, we think it unnecessary to declare; because, whether it is admitted or not, the result on the merits of this case must be the same.
We will then consider it as proved, that the vessel of the defendant, without any leave from the affreighter, touched at Porto-Rico, and stayed there three days. To that fact must be confined the breach of the charter-party; because it is by no means equally clear that Porto-Rico is out of the way from Cadiz to Havana.
For this departure from one of the defendant’s obligations, to wit, that of not going from Cadiz to Havana, without stopping, the plaintiff demands . that the full ampunt of the penalty stipulated in the chafer-party be allowed to *563 him, without &n|r reference to the quantspa of damages which he may have sustained. This pretention is thought to be supported by the following Article of our code: “ When the con-‘ tract specifies that he who fails to execute it shall pay a certain sum, by way of damages, the other party can recover neither a larger nor a smaller sum.” Civ. Code, 268, art, 52. And afterwards-“ the penal clause is the compensation fot the damages which the creditor sustains by the non-execution of the pnheipal obligation.” Civ. Code, 284, art. 129. To these quotations we will add-“ the penalty may be modified by the judge, when the principal obligation has been partly executed, except in case of a contrary agreement.” Id. 131. Taking the whole of that doctrine together^ it amounts to tlfis ^ where the parties appear to have themselves assessed the value of the dalH-ages, which they may respectively suffer, in consequence of the non-performance of the contract, those damages can neither be reduced nor increased, because the assessment is itself a part of the agreement. But this, if is evident,, must be confined, to the, case of the - absolute failure of performing the contract; for, when it has been performed in part, the proportion of damages is different, and no previous estimation *564 can be supposed to have taken place. Thus, where a penal sum has been stipulated for the true performance of all the conditions inserted in a contract, that sum cannot be viewed as an assessment of damages, applicable to the failure of any of these conditions, whether of much or of little moment; to a slight deviation from one of the clauses, as well as to a direct violation of all. Such a construction would be monstrous. But what is to be done, when some part of the contract has been departed from? Assess the damages which that departure has caused to the other party; for it is, after all, the end in which must terminate all difficulties of this nature.
Have any damages been incurred by the plaintiff in this instance-and, if so, to what amount? The damage, if any, has happened to that part of the cargo, which consisted of raisins. There is no complaint that the rest received any injury. Upon this point, the sub stance of the evidence is as follows: Fowler shipped on board of the Oswego fifteen hundred and sixty-eight boxes of raisins, which he bought at Cadiz, at onedollar and thirty cents per box The price of good raisins, even at Malaga, the original place of exportation, was,about that time, two dollars and fifty cents per box. The plaintiff's raisins were not fresh when shipped; *565 the boxes appeared to be old, and to have passed through several hands. They were shipped in rainy weather. The passage from Cadiz to Havana, including the stay at Porto-Rico, was of forty-three days, which is considered a fair passage. When the vessel arrived at Havana, Fowler landed nine hundred and thirty-nine boxes of raisins, sold six hundred and sixty-one there, and re-shipped two hundred and seventy, supposed to be of the same which had been taken out. The vessel was detained at Havana twenty-one days for Fowler’s business alone, during which time the weather was occasionally very warm. When the rest of the cargo arrived at New-Orleans, it was not possible to say how and where the raisins had been damaged.
This evidence requires no comment. Far from proving any thing in favor of the plaintiff, it holds out, as strongly probable, that the raisins were originally bad; and that, if they grew worse, it was owing to their getting wet in the act of shipping them at Cadiz, and to the detention of twenty-one days at Havana, rather than to the stoppage at Porto-Rico. Upon the whole, we are bound to say, that the plaintiff has not supported his action by sufficient evidence.
*566 It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.